**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

KEVIN GILBERTO MAYANCELA TENEZACA,

     Petitioner,

v.                                                                        No. 1:26-cv-00148-MLG-SCY

U.S. Attorney General; DAREN K. MARGOLIN,
Director for Executive Office for Immigration Review;
MARKWAYNE MULLIN,[1] Secretary, U.S. Department
of Homeland Security; TODD M. LYONS, Acting Director
of Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, Director, El Paso Field Office, Immigration
and Customs Enforcement; and GEORGE DEDOS,
Warden of Torrance County Detention Facility,

     Respondents.

**<u>ORDER REQUIRING SUPPLEMENTAL BRIEFING</u>**

On January 26, 2026, Petitioner Kevin Gilberto Mayancela Tenezaca, an Ecuadorian citizen who entered the United States without inspection in April 2019, filed a Verified Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Doc. 2 at 3, 8 ¶¶ 8, 10, 26-27. In the Petition, Mayancela Tenezaca requested that the Court order his immediate release from immigration detention at Torrance County Detention Facility, or, in the alternative, an individualized bond hearing before a neutral adjudicator. *Id.* at 9, 24 ¶ 35. As grounds for his requested relief, Mayancela Tenezaca argues that his prolonged detention without opportunity for an individualized bond hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause of the U.S. Constitution. *See id.* at 19-22 ¶¶ 70-78, 84-86. He

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

opposes the United States' reliance on *Matter of Yajure Hurtado*[2] to classify him as an "applicant for admission" that is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). 29 I.&N. Dec. 216 (BIA 2025); Doc. 2 at 8-9, 23 ¶¶ 32-33, 89-92.

The Court found Mayancela Tenezaca's Petition substantially similar to cases in which it has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). Doc. 4 at 2 (citing *Cortez-Gonzalez*, 811 F. Supp. 3d 1287, 1295-99 (D.N.M. 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025)). Accordingly, the Court asked Respondents to file a response demonstrating why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. *Id.*

The United States responded on February 13, 2026, arguing that Mayancela Tenezaca is properly detained under § 1225(b). Doc. 7 (incorporating by reference its legal arguments as presented in Response to Petitioner's Writ of Habeas Corpus, *Cortez-Gonzalez v. Noem*, 2:25-cv-00985-MLG-KK (D.N.M. Feb. 17, 2025)). Respondents "acknowledge[d] that this Court recently reached the opposite conclusion on facts substantially similar to those currently before the Court" and recognized "that this Court's prior decisions would control the result here" should it choose to adhere to its position that detained noncitizens like Petitioner are subject to § 1226(a) and not § 1225(b). *Id.* at 1-2. Mayancela Tenezaca did not file a reply brief.

---

[2] A Board of Immigration Appeals ("BIA") precedential decision holding that section 235(b)(2)(A) of the INA, codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. 29 I.&N. Dec. at 220.

Since the United States does not make legal arguments that have not already been rejected by this Court, § 1226(a) applies here, too. But the Court is concerned that a § 1226(a) bond hearing may not be a sufficient remedy in this case.

Mayancela Tenezaca has a pending U visa application. *See* Doc. 2 at 8 ¶ 30. Upon reviewing the exhibits that are attached to his Petition, the Court observes that the Department of Homeland Security ("DHS") made a preliminary finding that his U visa application was bona fide. Doc. 2-2. Such a finding required U.S. Citizenship and Immigration Services ("USCIS") to have made the following factual determinations about Mayancela Tenezaca: (1) his application was compliant with initial evidence requirements for conferring U nonimmigrant status; (2) he passed all requisite background checks; (3) he did not pose a risk to national security or public safety; and (4) there were no other adverse factors that weighed against his U visa application. U.S. Citizenship & Immigr. Servs., 3 Policy Manual pt. C, ch. 5 (Feb. 3, 2026) [hereinafter USCIS Policy Manual], www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 [https://perma.cc/S4T4-4MKX]. And, as a result of this positive bona fide determination, Mayancela Tenezaca was issued an employment authorization document and placed in deferred action. *See* Doc. 2 at 8 ¶ 30; Doc. 2-2.

Once a U visa application is approved, USCIS may revoke U nonimmigrant status only following a written notice "contain[ing] a statement of the grounds for the revocation and the time period allowed for the U nonimmigrant's rebuttal." 8 C.F.R. § 214.14(h)(2). Grounds for revocation[3] include: "(A) The certifying official withdraws the U nonimmigrant status certification . . . or disavows the contents in writing; (B) Approval of the petition was in error; [and] (C) Where

---

[3] Other grounds for revocation are relevant only to noncitizens applying for U nonimmigrant status as a qualifying family member of the principal petitioner. § 214.14(h)(2)(i)(D)-(E).

there was fraud in the petition[.]" *Id.* Neither the initial Petition nor the United States' Response provide any information about the process that was used to revoke Mayancela Tenezaca's bona fide determination of U visa eligibility (and whether any such process was due in the first place).

Ultimately, the Court needs more information before it can rule on Mayancela Tenezaca's Petition. Therefore, the Court hereby orders the parties to provide supplemental briefing by 5pm MT, Tuesday, May 26, 2026, explaining whether Mayancela Tenezaca was given: (1) notice that his BFD-related benefits were being revoked; (2) the grounds for that revocation; and (3) an opportunity to contest those grounds at a pre-deprivation hearing.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

4