**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEVIN GILBERTO MAYANCELA TENEZACA,

     Petitioner,

v.                               No. 1:26-cv-00148-MLG-SCY

U.S. Attorney General; DAREN K. MARGOLIN,
Director for Executive Office for Immigration Review;
MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security; TODD M. LYONS, Acting Director
of Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, Director, El Paso Field Office, Immigration
and Customs Enforcement; and GEORGE DEDOS,
Warden of Torrance County Detention Facility,

     Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

On January 26, 2026, Kevin Gilberto Mayancela Tenezaca filed a Verified Petition for Writ of Habeas Corpus ("Petition"), Doc. 2. His Petition challenged the lawfulness of his warrantless arrest and his subsequent detention without an individualized custody determination as infringing on his procedural due process rights. *See id.* at 19-22 ¶¶ 68-78, 84-86. As a remedy, Mayancela Tenezaca requested that the Court: (1) enjoin Respondents from transferring him outside of the U.S. District of New Mexico during the pendency of his habeas case; and (2) order his immediate release from federal immigration custody (or, in the alternative, require an immigration judge to hold a bond hearing pursuant to 8 U.S.C. § 1226(a)). *See id.* at 23-24; *see also id.* (asking the Court for related declaratory and injunctive relief). The Court required Respondents to show cause within ten days of receiving the Order why the Petition should not be granted. *See* Doc. 4.

1

On February 13, 2026, Federal Respondents answered the Court's Order to Show Cause contending that under § 1225(b) and the Board of Immigration Appeals' ("BIA") recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025),[1] Mayancela Tenezaca was subject to mandatory detention because he was present in the United States without being admitted or paroled. *See* Doc. 7 at 1.

The Court disagreed with Respondents' position, finding that Mayancela Tenezaca's detention was subject to the discretionary terms of § 1226(a), not the mandatory ones codified at § 1225(b). *See* Doc. 8 at 2-3. Rather than order a § 1226(a) bond hearing, however, the Court expressed its concern that Mayancela Tenezaca's re-detention without notice or a pre-deprivation hearing—particularly following a bona fide determination ("BFD") of U visa eligibility—violated his liberty interests so greatly, immediate release was the more appropriate remedy. Doc. 8 at 3. The Court asked the Parties for supplemental briefing "explaining whether Mayancela Tenezaca was given: (1) notice that his BFD-related benefits were being revoked; (2) the grounds for the revocation; and (3) an opportunity to contest those grounds at a pre-deprivation hearing." *Id.* at 4.

The requested supplemental briefing has just made the Court aware that Mayancela Tenezaca has been released from federal immigration custody as of January 30, 2026. *See* Docs. 9-10. Therefore, his desired relief as stated in his Petition has already been granted. Without reaching the merits of his legal challenges, the Court hereby denies Mayancela Tenezaca's Verified Petition for Writ of Habeas Corpus, Doc. 2, as moot.

---

[1] This recent BIA precedential decision holds that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified as § 1225(b)(2)(A), precludes immigration judges from granting bond requests to people who are present in the United States unlawfully. *See Matter of Yajure Hurtado*, 29 I&N Dec. at 218.

Final judgment will be entered contemporaneously pursuant to Federal Rule of Civil Procedure 58(a).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA